# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAUL M. CALDWELL, SR., et al. ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> PRIME SONOMA SHADOWS, LLC, doing ) <br> business as Sonoma Shadows Apartments, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:09-cv-01978-GMN-RJJ <br><br> **ORDER** |

**THE COURT HEREBY ORDERS** that counsel for Plaintiff, Leah A. Martin, Esq., and counsel for Defendant, Gary T. Ashman, Esq., shall complete one (1) CLE credit regarding the establishment of a secure minor's compromise.

## I.   BACKGROUND

This case originally arose from a tragic fire that occurred at Sonoma Shadows Apartments on September 17, 2007. As a result of this fire, eight-month old C.J., suffered second and third degree burns across forty percent of his body. Thereafter, Plaintiffs filed a lawsuit in state court that was subsequently removed to this Court. (ECF No. 1.) Ultimately, the parties settled and filed a Joint Settlement Memorandum. (ECF No. 43.)

The Joint Settlement Agreement explicitly stated that the "[s]ettlement [was] pending the court's acceptance of a minor's compromise." (*Id.* at 2:7.) Plaintiff filed its "Petition for Compromise of Disputed Claim of Minor" on January 13, 2012. (ECF No. 56.) The Court granted the Petition for Compromise on January 17, 2012, and instructed the Plaintiffs to submit a proposed order for the court's signature that included a requirement that a Certificate of Proof be filed by March 27, 2012 "certifying that the funds have been deposited for each minor in their

own respective blocked accounts."(ECF No. 57.)  Three months later, on March 19, 2012, Plaintiffs submitted a Proposed Order granting the Petition for Compromise (ECF No. 65); however, Plaintiffs' Proposed Order failed to comply with the Court's Order that it include the required language regarding the duty to file a Certificate of Proof.

During this same time period, after the Court had granted the Petition, Defendant Prime Sonoma Shadows, LLC filed an Objection to the Granting of the Petition for Compromise of Minor's Claim (ECF No. 59), pointing out that the Joint Settlement Memorandum memorialized a material term not included in the Plaintiffs' Petition.  The settlement funds for C.J. were not to be placed in a blocked CD or passbook account as claimed in the Plaintiffs' Petition; the parties had specifically agreed that the funds were to be placed in a structured account "in the best interests of the minor by assuring a greater sum at the time the funds would be accessed than is possible in a simple interest bearing savings account" guaranteeing a lump sum payment of at least $199,584.96 . (ECF No. 59.)  The Court ordered Plaintiffs to file a response (ECF No. 60) and Plaintiffs admitted that the funds for C.J. should be a deposited in a structured account (ECF No. 61). The Court then ordered the Plaintiffs to submit a Proposed Order reflecting the actual terms of the settlement with defense counsel's approval as to form and content, including which of the three children's accounts were to be blocked bank accounts versus structured accounts and language that the Certificate of Proof was to be filed "no later than March 19, 2012." (ECF No. 62). However, even two months after this deadline had expired, neither party filed the requisite Certificate of Proof. (ECF No. 70.)  The Court set a Status Hearing for March 27, 2012; however, it was continued until May 31, 2012 at Plaintiffs' request (ECF No. 67), and then rescheduled to July 3, 2012 pursuant to the Court's Minute Order (ECF No. 71).

Finally, on July 10, 2012, Defendant attempted to comply by submitting its "Notice of Proof." (ECF No. 74.)  However, this Notice failed to provide adequate proof that the proceeds had been deposited into a structured settlement account such that the money would be

safeguarded until the minor reached the age of minority as specified in the parties' settlement. (*Id.*)  Thereafter, on July 13, 2012, Plaintiff filed an amended proposed order (ECF No. 77.)  On that same day, the Court promptly signed the Order. (ECF No. 78.)  Specifically, the Order, once again, stated that "Petitioners are authorized to accept the proposed settlement of the minors' claims as set forth in the Petitions . . . ." (*Id.* at 2:26-27.)  The Order further directs that the parties were to file "an acceptable Certificate of Proof, certifying that the amount . . . has been deposited for the benefit of [the minor] into a structured settlement account . . . not later than July 25, 2012." (*Id.* at 3:5-7.)

      The Court exercised patience and repeatedly set Status Conferences to allow the parties more than enough time to work through their respective difficulties in producing the Certificate of Proof. (*See* ECF Nos. 70, 73, 76, 82, 86, 88.)  In fact, the Court held no less than six Status Conferences and each time, the parties were unable to provide the Certificate of Proof. (*See id.*)  Yet, nine (9) months after the Court approved the settlement (ECF No. 57), the parties still had failed to provide the requisite Certificate of Proof.

      Instead, as further evidence of the attorneys' negligence and disregard for the establishment of a minor's compromise, on October 4, 2012, the parties filed a "sample" insurance policy and asserted that an actual insurance policy could be obtained only after the Court approved the settlement. (ECF No. 89.)  This is a wholly unacceptable assertion given that the Court had already approved the settlement on January 17, 2012 (ECF No. 57), and again approved the settlement on July 10, 2012 (ECF No. 74).  The attorneys' admission during the hearing on October 18, 2012, that no structured settlement account has ever been established for C.J. is evidence of their negligence and supports the Court's sanctions.  It was not until October 26, 2012, more than nine (9) months after the Court approved the settlement and ordered the attorneys to ensure that the minor's settlement was adequately funded and safeguarded, that the attorneys finally filed a satisfactory Certificate of Proof.

## II. THE COURT'S DUTY TO PROTECT THE MINOR'S INTERESTS

"It has long been established that the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see also* Fed. R. Civ. P. 71(c) (authorizing a federal court to enter any such order that the court deems appropriate in order to protect a minor). To fulfill this duty, the court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . ." *Salmeron*, 724 F.2d at 1363. In general, to fulfill this duty, district courts consult state law when determining whether a proposed settlement of a minor's claim fairly compensated and protected the minor. *See e.g.*, *Red v. Merced County*, No. 1:06-cv-1003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008). Accordingly, before approving the settlement nine months ago, the Court examined the settlement in accordance with Nevada State Law. Specifically, Nevada law provides that the proceeds of a minor's compromise must be held in a "blocked financial investment for the benefit of the minor" **and that the parties shall "file with the court proof that the blocked financial investment has been established." Nev. Rev. Stat. § 41.200(5).** To fulfill its duty to protect the interests of the minor, the Court has continually insisted for nine months that the attorneys file proof that the account for the minor child is adequately funded and protected before the Court could cease its supervision of the matter and close the case. (*See e.g.*, ECF Nos. 57, 78, 90.) Nevertheless, the attorneys have either refused to comply with the Court's orders or have resorted to pointing fingers at each other. Regardless, the attorneys have acted both ethically and professionally negligent in their disregard for their duty to protect the minor's interests. For these reasons, and for the reasons discussed below, the Court finds that an imposition of sanctions is appropriate.

## III. SANCTIONS

The authority of a district court to sanction an attorney derives from the court's inherent

judicial power. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989). Additionally, the Ninth Circuit has held that Congress has authorized federal courts "to impose a 'relatively mild' form of sanctions as a means of preserving authority and control over the district bar." *Id.* at 1479. Such sanctions are an important part of the court's inherent duty to "preserve the integrity of the court docket." *Id.* at 1480.

First, the Court finds that financial sanctions are not appropriate at this point. Financial sanctions are appropriate only when the attorney's conduct amounts to "recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct . . . ." *Id.* Here, the attorneys have repeatedly failed to comply with the Court's orders to provide a Certificate of Proof and have also repeatedly disregarded the Court's orders approving the settlement. Although this repeated disregard for the Court's orders would warrant financial sanctions, the Court declines to impose financial sanctions at this time. The Court believes that both attorneys' disregard for the minor in this case, stems from ignorance, and therefore, the errors are likely to reoccur if a mere financial sanction is levied.

Therefore, the Court orders Leah A. Martin, Esq., counsel for Plaintiffs, and Gary T. Ashman, Esq., counsel for Defendant, to complete at least one (1) credit of continuing legal education that relates to the establishment of a secure minor's compromise.

This case involves a minor child that was tragically and severely injured in a fire. Nevertheless, for more than nine (9) months, the attorneys in this case have failed to recognize that the Court approved the settlement in favor of the minor child. Moreover, contrary to the Court's repeated orders, the attorneys have continually failed to ensure that the settlement award is adequately funded and safeguarded, pursuant to the language in their own settlement agreement and failed to provide the Court with adequate proof as required under Nevada law and the Court's repeated Orders. It appears that, without the Court's persistence, the attorneys would have left the settlement award in the account of the insurance company, with minimal

protections, waiting for a Court Order to establish a structured settlement account when the Order had already been issued.

Given that the Plaintiffs have lost communication with the parents / guardians of the minor and that they are no longer at their last known address, the Court is extremely shocked and troubled by the attorneys' nonchalance and lack of concern for whether the settlement terms are executed properly and whether a structured settlement account is ever actually established for the minor child.  The Court is further troubled by the possibility that the attorneys will treat future juvenile clients or parties with this same lack of professional responsibility.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Leah A. Martin, Esq. and Gary T. Ashman, Esq. shall complete one (1) CLE credit relating to the proper establishment of a minor's compromise and file in this case docket, proof of completion with the Court by November 15, 2012.

**DATED** this 30th day of October, 2012.

_____
Gloria M. Navarro
United States District Judge